UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID F. MARTIN,

                                  Plaintiff         DECISION AND ORDER

-vs-

                                                        06-CV-6226 CJS

SHIRLEY J. RIVERS, Settlement
Officer, Internal Revenue Service,

                                  Defendant.
_____

INTRODUCTION

      This is an action in which the *pro se* plaintiff is seeking a writ of mandamus compelling the Internal Revenue Service ("IRS") to provide him with a "face-to-face collections due process hearing," as opposed to a telephonic hearing. Now before the Court is defendant's motion [#2] to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, defendant's application is granted and this action is dismissed.

BACKGROUND

      Defendant IRS is attempting to collect income tax penalties from plaintiff for the 2002 tax year. As part of this effort, defendant served plaintiff with a "Final Notice - Notice of Intent to Levy and Notice of Your Rights to a Hearing," pursuant to 26 U.S.C. § 6330. Plaintiff then requested a hearing pursuant to 26 U.S.C. § 6330. In his request for a hearing, plaintiff apparently expressed the belief that he is not required to pay income taxes to the United States of America under any circumstances. (*See*, Complaint [#1] Ex. 1 )("The items that you mention in your [hearing] request are items that: 1. Courts have determined are frivolous or groundless; or 2. Appeals does not consider. These are

1

moral, religious, political, constitutional, conscientious, or similar grounds.");(see also, Id., Ex. 2) (In which plaintiff stated, "at the heart of the matter is the statutory authority for assessment of taxes."). Because plaintiff sought to raise issues pertaining to his underlying tax liability, defendant declined to schedule a face-to-face hearing, though it offered to hold a telephone conference or to allow plaintiff to make his arguments in writing. (*See, Id.*, Ex. 1) ("You are not able to dispute the liability because your administrative files shows [sic] you was [sic] issued a Statutory Notice of Deficiency to your last know [sic] address and you failed to respond. Appeals will not consider the liability issue but will conduct a hearing to consider payment/collection alternatives."). Plaintiff rejected the offer and renewed his demand for an in-person conference, but defendant subsequently entered a "Notice of Determination" without any hearing having taken place.

Plaintiff then commenced the subject action, contending that he is entitled to a face-to-face hearing, and that defendant, in denying his request, violated his due process rights under the Fifth Amendment to the United States Constitution. In this action plaintiff seeks an order, pursuant to 28 U.S.C. § 1361, directing the IRS to provide him with the relief he seeks, i.e., a face-to-face hearing.

Defendant seeks to dismiss the complaint, on several grounds. First, defendant maintains that the Court lacks jurisdiction, since plaintiff's claim is against the United States of America, which has sovereign immunity. Defendant also contends that, while the U.S. made a limited waiver of that sovereign immunity in 26 U.S.C. § 6330(d)(1), the waiver is not applicable to plaintiff, since he can, and in fact must, pursue his claim in

United States Tax Court.[1]  Defendant also indicates that, even if the Court had jurisdiction, plaintiff has not stated a claim for entitlement to a writ of mandamus, since he has another remedy available to him, namely, a proceeding in Tax Court, and since he is not entitled to a face-to-face hearing in any event.

ANALYSIS

Defendant has moved to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  It is well settled that,

> [a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.  In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings.  A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.

*Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000)(citations omitted).  On the other hand, when determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted," a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party.  *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999), *cert. denied*, 531 U.S. 1052 (2000).  The Court "may dismiss the complaint only if it appears

---

[1]At all relevant times, 26 U.S.C. § 6330(d) stated:

(1) Judicial review of determination.--The person may, within 30 days of a determination under this section, appeal such determination--
(A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or
(B) *if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States*.
If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

26 U.S.C.A. § 6330 (emphasis added).  Section 6330(d) was subsequently amended by Pub.L. 109-280, § 855(a).

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. (internal quotations omitted)(*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Applying the foregoing principles of law, the Court finds that defendant's motion must be granted, since the Court lacks subject matter jurisdiction, and since plaintiff does not, in any event, have a right to a face-to-face hearing. In short, plaintiff's arguments lack merit and have been rejected by numerous courts. *See, Steidel v. Evans*, No. CO2-5205RJB, 2002 WL 1988174 (W.D. Wash. Jul. 22, 2002) (Plaintiff alleged that I.R.S. employee denied him an in-person appeal hearing, and Court dismissed, finding that U.S. Tax Court had jurisdiction), *aff'd* 58 Fed.Appx. 698 (9th Cir. 2003); *Kupcho v. Voysest*, No. 04-5336 (KSH), 2005 WL 791118 (D.N.J. Feb. 16, 2005) (Plaintiff alleged Due Process violation because IRS denied him a face-to-face income tax collection hearing, and court dismissed, finding that jurisdiction was proper in Tax Court.); *Hinman v. Grzesiowski*, No. 3:05-CV-049 RM, 2005 WL 3105754 (N.D. Ind. Oct. 28, 2005), *aff'd as modified*, 192 Fed.Appx. 537 (7th Cir. 2006); *Martin v. Logan*, No. Civ. A. 05-3729 (FLW), 2006 WL 497103 (D.N.J. Jan. 20, 2006), *aff'd* 205 Fed.Appx. 94 (3rd Cir. 2006).

CONCLUSION

Defendant's motion to dismiss [#2] is granted and this action is dismissed.

SO ORDERED.

Dated: Rochester, New York
     April 17, 2007          ENTER:

                                              /s/ Charles J. Siragusa
                                              CHARLES J. SIRAGUSA
                                              United States District Judge